**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Yousef Elamri Kadmiri,

Plaintiff,

v.

State of Nevada, et al.,

Defendants.

Case No. 2:26-cv-00656-GMN-DJA

**Order**

Pro se Plaintiff Yousef Elamri Kadmiri has filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information and contains answers that are not responsive to the questions asked. The Court thus denies Plaintiff's application without prejudice.

**I.    Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets."  *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On his application, Plaintiff checks the box indicating that he receives money from "[a]ny other sources" in response to question 3.  That question requires that, if Plaintiff checks a box "yes," he must "describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future."  Plaintiff's response, however, fails to comply with this requirement and instead apparently focuses on the merits of his case.

In response to question 6, which asks Plaintiff to list regular monthly expenses, Plaintiff claims that he lives with his mother who is helping him out.  However, it is not clear from this response whether Plaintiff has any regular monthly expenses or if his mother covers all of those for him.  In response to question 8, which asks Plaintiff to list his debts or financial obligations, the amounts owed, and to whom they are payable, Plaintiff provides that he is in over $40,000.00 of debt due to medical emergencies and unpaid credit cards.  But Plaintiff does not list the parties to whom his debt is payable and does not separate out the amounts between his medical debt and his credit card debt.

Given these issues, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.  The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application.  The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must describe each source

of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **April 9, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: March 10, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.